**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
ALEJANDRO CISNEROS ROMERO

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> MIGUEL CASTELLANOS ) <br> HUITRON, et al., ) <br> ) <br> DEFENDANTS. ) <br> _____) | CR.NO.S.-10-162-JAM <br><br> STIPULATION AND PROPOSED ORDER TO SET A BRIEFING SCHEDULE AND HEARING DATE ON DEFENSE MOTIONS |

**PARTIES TO THE LITIGATION**

The parties to this litigation, the Unites States of America, represented by Assistant United States Attorney, Mr. Michael D. McCoy, and the defendants (hereinafter referred to as the defendants): 1) Ignacio Hernandez, represented by his attorney Mr. Robert L. Forkner; 2) Jairo Zapien represented by his attorney Mr. Douglas J. Beevers; 3) Fernando Madrigal represented by his attorney Mr. Michael B. Bigelow; 4) Rafael Emilio Gonzalez Juarbe represented by his attorney Ms. Steve E. Teich; 5) Cerjio Arturo Zepeda represented by his attorney Mr. John E. Virga; 6) Michelle Ernestina Lucero represented by her attorney Mr. Hayes H. Gable, III; 7) Mario Nunez, Sr. represented by his attorney Mr. Ronald J. Peters; 8) Justin Haynes represented by his attorney Mr. David D. Fischer; 9) David Hernandez represented by his attorney Mr. Danny D. Brace, Jr.;

1

and 10) Alejandro Cisneros Romero represented by his attorney, Mr. James R. Greiner, hereby agree and stipulate that the current date for the status conference in this case, **Tuesday, December 18, 2012**, can be vacated and can be rescheduled for, **Tuesday, April 23, 2013**, at 9:45 a.m. in Courtroom #6, before the Honorable United States District Court Judge, John A. Mendez..

The new date is requested due to the fact that the government has provided new discovery to the defense on November 27, 2012, which now makes the filing of a motion to suppress on the wire tap(s) viable. The suppression of a wire tap motion is complex both factually and legally. In addition, the defense and the government are in discussions on several areas, including any additional discovery regarding the wire tap(s), and possible resolution of various defendants short of trial.

The parties agree and stipulate to the following briefing schedule and hearing date in this case:

| | |
|---|---|
| Defense motions | February 26, 2013 |
| Government opposition | March 26, 2013 |
| Defense reply | April 9, 2013 |
| Hearing (non-evidentiary at this time) | April 23, 2013 |

Further, all of the parties, the United States of America and all of the defendants as stated above, hereby agree and stipulate that time under the speedy trial Act can be excluded under Title 18 section 3161(h)(7)(A), with the Court finding that the ends of justice in granting this continuance outweigh the public and all of the defendants right to a speedy trial and pursuant to Title 18 section 3161(h)(7)(B)(ii), corresponding to Local code T-2 (the complexity of the case), the Court finds that due to the complex nature of this case due to the number of defendants and complex legal issues and volume of discovery in the case, that it is unreasonable to expect adequate

2

preparation for pretrial proceedings within the time limits established by the Speedy Trial Act and pursuant to Title 18 section 3161(h)(7)(B)(iv)and Local Code T-4 (to allow counsel time to prepare), the Court finds that granting this continuance would allow defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of reasonable diligence.

The Court's Courtroom deputy, Mr. Harry Vine, was contacted to ensure the Court was available on **Tuesday, April 23, 2012**, and the Court is available. There are no motion schedule dates set in the case. There is no trial date set in the case.

The parties agree and stipulate that the following facts support the granting of this continuance:

1- The number of defendants, ten (10)

2- the amount of discovery in excess of 4,000 pages hard copies as well as eight (8) CD's of information, the four (4) live wire taps in this case with additional discovery regarding the four (4) live wire taps forthcoming;

3-the reasonable and adequate amount of time required by the defense to review and investigate the discovery in this case supports the continuance;

4- the reasonable and necessary time needed by defense counsel to research potential legal issues for the filing of potential motions in this case, including but not limited to potentially a wire tap motion, and motion to suppress;

5- The new discovery that the government produced on November 27, 2012;

6- The motions deal with the suppression of the wire tap, which is a complex motion, both factually and legally;

7- The defense continues to review and discuss with the government if

3

there is any other relevant discovery regarding the wire tap(s) which has not been produced, knowing that the defense has in good faith in working with the government taken off caledar the discovery motion that had been filed (See Docket # 149 file October 25, 2012)

8- The reviewing of translations of the wire tap phone calls:

9- The parties are in good faith discussing whether any potential resolutions can be achieved short of trial.

10- The parties agree that counsel for all parties is using reasonable diligence in this complex case and that the requested time is reasonable under the totality of the circumstances of the case.

**TIME EXCLUDED UNDER THE SPEEDY TRIAL ACT**

As set forth herein, the parties agree and stipulate that time under the Speedy Trial Act can be excluded from **Tuesday, December 18, 2012,** to and including **Tuesday, April 23, 2013,** for all of the reasons stated herein which include that time under the speedy trial Act can be excluded under Title 18 section 3161(h)(7)(A), with the Court finding that the ends of justice in granting this continuance outweigh the public and all of the defendants right to a speedy trial and pursuant to Title 18 section 3161(h)(7)(B)(ii), corresponding to Local code T-2 (the complexity of the case), the Court finds that due to the complex nature of this case due to the number of defendants and complex legal issues and volume of discovery in the case, that it is unreasonable to  expect adequate preparation for pretrial proceedings within the time limits established by the Speedy Trial Act and pursuant to Title 18 section 3161(h)(7)(B)(iv)and Local Code T-4 (to allow counsel time to prepare), the Court finds that granting this continuance would allow defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of reasonable diligence.

Finally, James R. Greiner has been authorized by all counsel to sign this

4

stipulation for each of the respective parties.

Respectfully submitted:

BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

/s/ Michael D. McCoy

DATED: 12-7-12

_____
Michael D. McCoy
ASSISTANT UNITED STATES ATTORNEY
ATTORNEY FOR THE PLAINTIFF

DATED: 12-7-12

/s/ Robert L. Forkner

_____
Robert L. Forkner
Attorney for Defendant
Ignacio Hernandez

DATED: 12-7-12      /s/ Douglas J. Beevers

_____
Douglas J. Beevers
Attorney for Defendant
Jairo Zapien

DATED: 12-7-12      /s/ Michael B. Bigelow

_____
Michael B. Bigelow
Attorney for Defendant Fernando Madrigal

DATED: 12-7-12      /s/ Steve E. Teich

_____
Steve E. Teich
Attorney for Defendant
Rafael Emilio Gonzalez Juarbe

DATED: 12-7-12      /s/ John E. Virga

_____
John E. Virga
Attorney for Defendant Cerjio Arturo Zepeda

DATED: 12-7-12      /s/ Hayes H. Gable, III

_____
Hayes H. Gable, III
Attorney for Defendant Michelle Ernestina Lucero

5

| | | |
|---|---|---|
| DATED: 12-7-12 | | /s/ Ronald J. Peters |
| | | Ronald J. Peters<br>Attorney for Defendant Mario Nunez, Sr. |
| DATED: 12-7-12 | | /s/ David D. Fischer |
| | | David D. Fischer<br>Attorney for Defendant Justin Haynes |
| DATED: 12-7-12 | | /s/ Danny D. Brace, Jr. |
| | | Danny D. Brace, Jr.<br>Attorney for Defendant<br>David Hernandez |
| DATED: 12-7-12 | | /s/ James R. Greiner |
| | | James R. Greiner<br>Attorney for Defendant<br>Alejandro Cisneros Romero |

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, reviewed the record in this case and good cause appearing therefrom, adopts the stipulation and agreement of the parties in its entirety as its order.

The Court specifically finds pursuant to Title 18 U.S.C. section 3161(h)(7)(A), the ends of justice in granting this motion to continue the status conference from **Tuesday, December 18, 2012 to Tuesday, April 23, 2013,** outweigh the best interests of the public and each of the defendants in this case in a speedy trial.

Further, the Court specifically finds based upon all of the facts set forth herein by the parties and the agreements and stipulations of the parties set forth herein, which the Court adopts as its own, that pursuant to Title 18 section 3161(h)(7)(B)(ii), corresponding to Local code T-2 (the complexity of the case), the Court finds that due to the complex nature of this case due to the number of defendants and complex legal

issues and volume of discovery in the case, that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established by the Speedy Trial Act and pursuant to Title 18 section 3161(h)(7)(B)(iv)and Local Code T-4 (to allow counsel time to prepare), the Court finds that granting this continuance would allow defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of reasonable diligence.

In addition, the Court specially finds the following facts support the continuance and the exclusion of time under the Speedy Trial Act:

    1- The number of defendants, ten (10);

    2- the amount of discovery in excess of 4,000 pages hard copies as well as eight (8) CD's of information, the four (4) live wire taps in this case with additional discovery regarding the four (4) live wire taps forthcoming;

    3-the reasonable and adequate amount of time required by the defense to review and investigate the discovery in this case supports the continuance;

    4- the reasonable and necessary time needed by defense counsel to research potential legal issues for the filing of potential motions in this case, including but not limited to potentially a wire tap motion, and motion to suppress;

    5- The new discovery that the government produced on November 27, 2012;

    6- The motions deal with the suppression of the wire tap, which is a complex motion, both factually and legally;

    7- The defense continues to review and discuss with the government if there is any other relevant discovery regarding the wire tap(s) which has not been produced, knowing that the defense has in good faith in

working with the government taken off caledar the discovery motion that had been filed (See Docket # 149 file October 25, 2012);

8- The reviewing of translations of the wire tap phone calls:

9- The parties are in good faith discussing whether any potential resolutions can be achieved short of trial;

10- The parties agree that counsel for all parties is using reasonable diligence in this complex case and that the requested time is reasonable under the totality of the circumstances of the case.

Further, the Court orders that the time from **Tuesday, December 18, 2012, to and including Tuesday, April 23, 2013,** shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare).

It is further ordered that the **Tuesday, December 18, 2012**, status conference shall be continued until **Tuesday, April 23, 2013,** at 9:45 a.m.

**IT IS SO ORDERED.**

DATED: DECEMBER 11, 2012

/s/ John A. Mendez
HONORABLE JUDGE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE